

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

Rod J. Rosenstein
United States Attorney

Rachel Miller Yasser
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4922
MAIN: 410-209-4800
FAX: 410-962-0716
TTY/TDD: 410-962-4462

August 14, 2012

VIA EMAIL

Robert Bonsib, Esq.
MarcusBonsib, LLC
6411 Ivy Lane, Suite 116
Greenbelt, MD 20770

Re:   United States v. Michael Scott Wilson, Criminal No. CCB 12-99

Dear Mr. Bonsib:

This letter confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by August 24, 2012, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offenses of Conviction

1.   The Defendant agrees to plead guilty to Count Two of the Indictment pending against him, which charges him with Possession of Child Pornography pursuant to 18 U.S.C. § 2252A(a)(5)(B). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offenses

2.   The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

1

That on or about September 27, 2011, in the District of Maryland,

        a.     The Defendant knowingly possessed material that contained an image of child pornography as defined in Title 18 U.S.C. 2256(8);

        b.     The image had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer; and/or

        c.     The image was produced using materials that had been mailed, shipped or transported using any means or facility of interstate or foreign commerce, including by computer.

### Penalties

3.    a.     The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: 10 years' imprisonment, lifetime supervised release, and a $250,000 fine. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

        b.     The Defendant understands and agrees that as a consequence of his conviction for the crime to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. § 2250.

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

      a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

      d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

      e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences. .

<u>Advisory Sentencing Guidelines Apply</u>

        5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

        6.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth at Attachment A, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

        a.      Pursuant to § 2G2.2(a)(1) of the United States Sentencing Guidelines, the base offense level is 18.

        b.      Pursuant to U.S.S.G. § 2G2.2(b)(2), the offense level is increased by 2 levels to a level 20 because the material involved images of prepubescent minors who had not attained the age of 12 years.

        c.      Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), the offense level is increased by 2 levels to a level 22 because the offense involved distribution.

        d.      Pursuant to U.S.S.G. § 2G2.2(b)(6), the offense level is increased by 2 levels to a level 24 because the offense involved the use of a computer for the possession of the material.

        e.      Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), the offense level is increased by 3 levels to a level 27 because the offense involved at least 150 images, but fewer than 300 images, of child pornography.

        f.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. The parties agree that a three-level reduction for acceptance of responsibility would result in an adjusted offense level of **24**.

        7.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history category could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

        8.      The Defendant may seek a departure based on the over-representation of his Criminal History range. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Obligations of the United States Attorney's Office

        9.      At the time of sentencing, the United States Attorney's Office will recommend a reasonable sentence based on the factors set forth in 18 U.S.C. § 3553. [handwritten: and will move to dismiss Count one]

        10.      The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character, and conduct, including any charged and uncharged conduct related to the investigation as well as any images seized during the investigation of any charged and uncharged conduct.

### Restitution

        11.      The Defendant agrees that, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 2259, the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual

stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Forfeiture

12. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on September 27, 2011. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

### Waiver of Appeal

13. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment resulting from a final base offense level greater than **offense level 24** (ii) and this Office reserves the right to appeal any term of imprisonment resulting from a final base offense level less than **offense level 24**.

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

14. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

15. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

*[handwritten: together with the sealed supplement  CCB]*

16. This agreement supersedes any prior understandings, promises, or conditions between this Office and the Defendant and constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this agreement

and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Rachel M. Yasser
Assistant United States Attorney

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

8-21-12
Date

_____
Michael Scott Wilson

I am Mr. Wilson's attorney. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

8/21/12
Date

_____
Robert Bosib, Esquire

8

# EXHIBIT A
## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Michael Scott Wilson, age 42, is a resident of Perry Hall, Maryland.

On September 12, 2011, a Baltimore County detective connected to a file-sharing network to conduct undercover investigations into the sharing of child pornography over the Internet. The detective directly connected with an IP address later traced to Wilson's residence and observed that the user of this IP address was hosting several files that had titles containing terms associated with images and videos of child pornography. The detective was able to complete a single source download from this IP address of an image file entitled: **pictures from ranchi torpedo dloaded in 2009-pedo kdv kidzilla pthc toddlers 0yo 1yo 2yo 3yo 4yo 5yo 6yo 9yo tara babyj (193).jpg**. The image depicts a prepubescent female with her mouth on the erect penis of an adult male and constitutes child pornography as defined in Title 18, United States Code, Section 2256.

On September 27, 2011, members of the Baltimore County Police Department, Crimes Against Children Unit, executed a state search warrant at the residence of WILSON located in Perry Hall, Maryland. WILSON was interviewed at his residence, after being informed of and waiving his *Miranda* rights. WILSON stated that he is employed with the Transportation Safety Administration at the Baltimore Washington International Airport, and that his current job duties and responsibilities include screening cargo on commercial flights for explosives. WILSON admitted to having the file-sharing program on his laptop computer, and to using his laptop computer to download child pornography. He admitted that he sometimes masturbates to the images of child pornography. WILSON was also able to convey to the detectives how file sharing works over the internet, and he demonstrated an understanding that he was sharing files with others as well as the fact that others on the network were sharing their files with him. WILSON stated that he usually deletes the child pornography movies and images from his laptop after he views them, because he knows that it is not right in a legal and moral sense.

An on-scene forensic preview of WILSON'S laptop computer and the desktop computer in the basement of his residence as well as removable media that was located in a locked safe belonging to WILSON revealed child pornography images and movies depicting prepubescent females engaged in sexually explicit conduct with adults, to include a known victim image from the Tori series and a known victim video from the Vicky series. These images and videos had not been deleted.

A forensic examination of WILSON's computers and removable media, to include the 4 CDs located in the safe, revealed approximately 260 images of child pornography, including videos. Several of the images depict the sexual abuse of minor females by adult males. Two of the recovered thumb drives were bit-locker encrypted and could not be reviewed by law

enforcement. Following his indictment, WILSON provided the encryption code and allowed law enforcement to examine the thumb drives. No child pornography was recovered.

The computer and CDS used to obtain and hold the above-referenced images were manufactured outside the State of Maryland.

I have read this Statement of Facts and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. I do not wish to change any part of it.

8-21-12
Date

Michael Scott Wilson